JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  08 CIV 6344
ANDREW L. BARNUM and
PATRICIA BARNUM,

                Plaintiffs,

  -against-

ARTHUR V. SHERMAN, K SMITH TRUCKING,
BOBBY JOE DILLARD, EPES TRANSPORTATION
SYSTEMS, RYAN W. GATELEY,
STAR TRANSPORTATION, INC.,

                Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No:

## COMPLAINT

Plaintiffs, by their attorneys, LEVER & STOLZENBERG, LLP complaining of the defendants herein, respectfully allege the following:

### PARTIES

1. That at all times herein mentioned, the plaintiffs ANDREW L. BARNUM and PATRICIA BARNUM were and still are residents of 6 Sunset Ridge, Carmel, State of New York.

2. That upon information and belief, and at all times herein mentioned, defendant ARTHUR V. SHERMAN was and still is a resident of 9161 Ladell, Lowell, State of Arizona.

3. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant ARTHUR V. SHERMAN was an employee of defendant K SMITH TRUCKING and was acting in such capacity at the time of the complained of events.

4. That upon information and belief, and at all times mentioned, defendant K SMITH TRUCKING was and still is a corporation organized and existing under and by virtue of the laws

of the State of Missouri.

5. That upon information and belief, and at all times herein mentioned, defendant K SMITH TRUCKING maintained a place of business at 13690 Palm Road, Neosho, State of Montana.

6. That upon information and belief, and at all times herein mentioned, defendant K SMITH TRUCKING was and still is engaged in the business of providing trucking and courier services in the United States of America, including in the State of New York, and the Southern District of New York.

7. That upon information and belief, and at all times herein mentioned, defendant BOBBY JOE DILLARD was and still is a resident of 211 Sunset Strip Road, N. Wilkesboro, State of North Carolina.

8. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant BOBBY JOE DILLARD was an employee of defendant EPES TRANSPORTATION SYSTEMS and was acting in such capacity at the time of the complained of events.

9. That upon information and belief, and at all times mentioned, defendant EPES TRANSPORTATION SYSTEMS was and still is a corporation organized and existing under and by virtue of the laws of the State of North Carolina.

10. That upon information and belief, and at all times herein mentioned, defendant EPES TRANSPORTATION SYSTEMS maintained a place of business at 3400 Edgefield Court, Greensboro, State of North Carolina.

11. That upon information and belief, and at all times herein mentioned, defendant EPES TRANSPORTATION SYSTEMS was and still is engaged in the business of providing

trucking and courier services in the United States of America, including in the State of New York, and the Southern District of New York.

12. That upon information and belief, and at all times herein mentioned, defendant RYAN W. GATELEY was and still is a resident of 101 Evans Road, Lexington, State of Tennessee.

13. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant RYAN W. GATELEY was an employee of defendant STAR TRANSPORTATION, INC. and was acting in such capacity at the time of the complained of events.

14. That upon information and belief, and at all times mentioned, defendant STAR TRANSPORTATION, INC. was and still is a corporation organized and existing under and by virtue of the laws of the herein State of Tennessee.

15. That upon information and belief, and at all times herein mentioned, defendant STAR TRANSPORTATION, INC. maintained a place of business at 1116 Polk Avenue, Nashville, State of Tennessee.

16. That upon information and belief, and at all times herein mentioned, defendant STAR TRANSPORTATION INC. was and still is engaged in the business of providing trucking and courier services in the United States of America, including in the State of New York, and the Southern District of New York.

## JURISDICTION

17. That the jurisdiction properly lies in the United States District Court by virtue of the diversity of citizenship of the plaintiffs and the defendants, as set forth in Title 28 U.S.C. §1332.

18.   That the amount in controversy, exclusive of costs and interest, is in excess of the sum of SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

19.   That at the time and place specified herein, the defendants have each committed a tortious act within the State of New York and thereby caused injuries to the plaintiffs within the State of New York, as set forth in the Civil Practice Law and Rules of the State of New York.

## VENUE

20.   That at the time and place specified herein, the facts out of which the instant action arises occurred entirely within the geographical jurisdiction of this Court, to wit: the Southern District of New York.

21.   That venue in the Southern District of New York is proper pursuant to 28 U.S.C. §1391, paragraph (b).

## JURY DEMAND

22.   The plaintiffs demand a trial by jury on all issues triable by a jury in the within action.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ANDREW L. BARNUM: NEGLIGENT OPERATION OF A MOTOR VEHICLE

23.   Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint inclusive, with the same force and effect as though each were fully set forth at length herein.

24.   That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant K SMITH TRUCKING was the owner of a certain tractor which was used in the furtherance of said defendant's trucking and courier business, and in

furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

25. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant K SMITH TRUCKING was the owner of a certain trailer which was used in the furtherance of said defendant's trucking and courier business, and in furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

26. That on or about September 28, 2007 at or about 5:51 p.m. defendant ARTHUR V. SHERMAN was operating the aforementioned tractor and a trailer, owned by defendant K SMITH TRUCKING bearing State of Montana registration number 049949.

27. That on or about September 28, 2007 at or about 5:51 p.m. defendant ARTHUR V. SHERMAN was authorized to operate the aforesaid tractor and trailer by reason of the express and implied permission and consent of its owner, defendant, K SMITH TRUCKING and by reason of his employment with said defendant.

28. That on or about September 28, 2007 at or about 5:51 p.m. defendant ARTHUR V. SHERMAN was operating the aforesaid tractor and trailer with the express and implied permission and consent of its owner, defendant K SMITH TRUCKING and in the course of his employment with said defendant.

29. That on or about September 28, 2007 at or about 5:51 p.m. defendant ARTHUR V. SHERMAN was operating the aforesaid tractor and trailer in a westbound direction on Interstate 84 in the town of East Fishkill, County of Dutchess and State of New York.

30. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant EPES TRANSPORTATION SYSTEMS was the

owner of a certain tractor which was used in the furtherance of said defendant's trucking and courier business, and in furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

31. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant EPES TRANSPORTATION SYSTEMS was the owner of a certain trailer which was used in the furtherance of said defendant's trucking and courier business, and in furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

32. That on or about September 28, 2007 at or about 5:51 p.m. defendant BOBBIE JOE DILLARD was operating the aforementioned tractor and a trailer, owned by defendant EPES TRANSPORTATION SYSTEMS bearing State of North Carolina registration number LL2104.

33. That on or about September 28, 2007 at or about 5:51 p.m. defendant BOBBY JOE DILLARD was authorized to operate the aforesaid tractor and trailer by reason of the express and implied permission and consent of its owner, defendant, EPES TRANSPORTATION SYSTEMS and by reason of his employment with said defendant.

34. That on or about September 28, 2007 at or about 5:51 p.m. defendant BOBBY JOE DILLARD was operating the aforesaid tractor and trailer with the express and implied permission and consent of their owner, defendant EPES TRANSPORTATION SYSTEMS and in the course of his employment with said defendant.

35. That on or about September 28, 2007 at or about 5:51 p.m. defendant BOBBY JOE DILLARD was operating the aforesaid tractor and trailer in a westbound direction on Interstate 84 in the town of East Fishkill, County of Dutchess and State of New York.

36. That upon information and belief, and at all times herein mentioned, and more

specifically on September 28, 2007, defendant STAR TRANSPORTATION, INC. was the owner of a certain tractor which was used in the furtherance of said defendant's trucking and courier business, and in furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

37. That upon information and belief, and at all times herein mentioned, and more specifically on September 28, 2007, defendant STAR TRANSPORTATION, INC. was the owner of a certain trailer which was used in the furtherance of said defendant's trucking and courier business, and in furtherance of its status as an interstate motor carrier providing over-the-road trucking services in the course of interstate commerce.

38. That on or about September 28, 2007 at or about 5:51 p.m. defendant RYAN W. GATELEY was operating the aforementioned tractor and a trailer, owned by defendant STAR TRANSPORTATION, INC. bearing State of Tennessee registration number 42438H2.

39. That on or about September 28, 2007 at or about 5:51 p.m. defendant RYAN W. GATELEY was authorized to operate the aforesaid tractor and trailer by reason of the express and implied permission and consent of its owner, defendant, STAR TRANSPORTATION, INC. and by reason of his employment with said defendant.

40. That on or about September 28, 2007 at or about 5:51 p.m. defendant RYAN W. GATELEY was operating the aforesaid tractor and trailer with the express and implied permission and consent of its owner, defendant STAR TRANSPORTATION, INC. and in the course of his employment with said defendant.

41. That on or about September 28, 2007 at or about 5:51 p.m. defendant RYAN W. GATELEY was operating the aforesaid tractor and trailer in a westbound direction on Interstate 84 in the town of East Fishkill, County of Dutchess and State of New York.

42. That on or about September 28, 2007 at or about 5:51 p.m. plaintiff ANDREW L. BARNUM was the operator of a certain 2006 Chrysler vehicle bearing New York State registration number BTC1404 which vehicle was owned by Elrac, Inc.

43. That on or about September 28, 2007 at or about 5:51 p.m. plaintiff ANDREW L. BARNUM was operating the aforesaid vehicle in a westbound direction on Interstate 84 in the town of East Fishkill, County of Dutchess and State of New York.

44. That on or about September 28, 2007 at or about 5:51 p.m. defendant ARTHUR V. SHERMAN was operating the afore-stated vehicle in an unsafe, imprudent, careless, negligence, dangerous and unlawful manner, and in complete disregard of the circumstances then and there prevailing.

45. That on or about September 28, 2007 at or about 5:51 p.m., defendant ARTHUR V. SHERMAN operated the afore-stated vehicle in violation of the applicable vehicle and traffic laws so as to cause a collision.

46. That on or about September 28, 2007 at or about 5:51 p.m. defendant BOBBIE JOE DILLARD was operating the afore-stated vehicle in an unsafe, imprudent, careless, negligence, dangerous and unlawful manner, and in complete disregard of the circumstances then and there prevailing.

47. That on or about September 28, 2007 at or about 5:51 p.m., defendant BOBBIE JOE DILLARD operated the afore-stated vehicle in violation of the applicable vehicle and traffic laws so as to cause a collision.

48. That on or about September 28, 2007 at or about 5:51 p.m. defendant RYAN W. GATELEY was operating the afore-stated vehicle in an unsafe, imprudent, careless, negligence, dangerous and unlawful manner, and in complete disregard of the circumstances then and there

prevailing.

49. That on or about September 28, 2007 at or about 5:51 p.m., defendant RYAN W. GATELEY operated the afore-stated vehicle in violation of the applicable vehicle and traffic laws so as to cause a collision.

50. That on or about September 28, 2007 at or about 5:51 p.m. at the stated location, the afore-described vehicles owned and operated by defendants were involved in a multi vehicle collision with the motor vehicle operated by the plaintiff ANDREW L. BARNUM.

51. That the aforesaid collision was caused solely by the carelessness, negligence, fault, imprudence and unlawful behavior of the defendants herein, without any fault or culpable conduct on the part of the plaintiff ANDREW L. BARNUM contributing thereto.

52. That at all times herein mentioned, plaintiff ANDREW L. BARNUM conducted his self in a safe, careful and prudent manner.

53. That at all times herein mentioned, plaintiff ANDREW L. BARNUM was properly utilizing all safety restraints which were available to him.

54. That the collision occurred westbound on Interstate 84 at MM 52.7 in the Town of East Fishkill, County of Dutchess and State of New York.

55. That at all times herein mentioned, and more specifically on September 28, 2007, the aforesaid roadway was and still is a public highway and thoroughfare for the use and passage of motor vehicles.

56. That this action falls under the "motor vehicle" exception of Article 16 of the Civil Practice Law and Rules of the State of New York, more specifically Section 1602(6) thereof.

57. That solely by reason of the carelessness, negligence, fault, imprudence and unlawful behavior of the defendants herein, plaintiff ANDREW L. BARNUM was caused to suffer

serious, severe and permanent personal injuries, all without any fault or culpable conduct on the part of the plaintiff contributing thereto.

58. That solely as a result of the carelessness, negligence, fault, imprudence and unlawful behavior of the defendants herein, plaintiff ANDREW L. BARNUM has sustained serious personal injuries as defined in Section 5102(d) of the Insurance Laws of the State of New York.

59. By reason thereof, plaintiff ANDREW L. BARNUM is entitled to recover for noneconomic losses as are not included within the definition of basic economic losses as set forth in the Insurance Law of the State of New York.

60. That plaintiff ANDREW L. BARNUM sustained serious injury and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law.

61. That plaintiff is not seeking to recover any damages for which plaintiff may have been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

62. That by reason of the foregoing, plaintiff ANDREW L. BARNUM has suffered damage and injury and demands judgment against the defendants herein in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, PATRICIA BARNUM

63. Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint inclusive, with the same force and effect as though each were fully set forth at length herein.

64. That at all times hereinafter mentioned, plaintiff PATRICIA BARNUM was married to

and is still the wife of the plaintiff ANDREW L. BARNUM and as such is entitled to the services and society of the plaintiff and as a result of the defendants' negligence, plaintiff PATRICIA BARNUM was deprived of such services and society and sustained damages.

65. By reason of the foregoing plaintiff PATRICIA BARNUM has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, the plaintiffs demand judgment against the defendant on each cause of action, as follows:

(a) On the First Cause of Action on behalf of plaintiff ANDREW L. BARNUM, the sum of THREE MILLION DOLLARS ($3,000,000.00);

(b) On the Second Cause of Action on behalf of plaintiff PATRICIA BARNUM, the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with

(c) costs and disbursements of this action, and such other and further relief which, to this Court, may seem just and proper.

DATED: White Plains, New York
July 3, 2008

Yours, etc.

DAVID B. LEVER (2501)
LEVER & STOLZENBERG, LLP
Attorneys for Plaintiffs
303 Old Tarrytown Road
White Plains, New York 10603
(914) 288-9191

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF WESTCHESTER   )

I, DAVID B. LEVER, an attorney admitted to practice in the Courts of the State of New York, say that:

I am a member of the firm of LEVER & STOLZENBERG, LLP. the attorneys for plaintiff(s) in the within action;

I have read the annexed COMPLAINT and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason I make this verification instead of plaintiff is that plaintiff resides outside of the county in which my office is located.

The sources of my information and the grounds for my belief are based upon correspondence and reports of investigation in the files of my firm. I affirm that the foregoing statements are true under the penalties of perjury.

DATED:   White Plains, New York
         July 3, 2008

_____
DAVID B. LEVER (2501)