Brian Del Gatto (BD7759)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
177 Broad Street, 6th Floor
Stamford, CT 06901
Tel: (203) 388-9100
Fax: (203) 388-9101
Attorneys for Defendants Ryan W. Gateley & Star Transportation, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW L. BARNUM and PATRICIA BARNUM, | Index No.: 08 CIV 6344 |
| Plaintiffs, | |
| vs. | Judge Karas |
| ARTHUR V. SHERMAN, K SMITH TRUCKING, BOBBY JOE DILLARD, EPES TRANSPORTATION SYSTEMS, RYAN W. GATELEY, STAR TRANSPORTATION, INC., | **AMENDED VERIFIED ANSWER WITH CROSS-CLAIMS** |
| Defendants. | |

**ANSWER OF DEFENDANTS RYAN W. GATELEY AND STAR TRANSPORTATION, INC., WITH AFFIRMATIVE DEFENSES**

Now come the Defendants, RYAN W. GATELEY and STAR TRANSPORTATION, INC., (hereinafter "Defendants"), and hereby respond to the individually numbered paragraphs of the Complaint as follows:

**AS FOR PARTIES**

1. The Defendants neither admit nor deny any of the allegations contained in paragraphs numbered 1 through 11 of the Complaint as these allegations are not directed at Defendants.

2. Defendants admit the allegations contained in paragraph 12 of the Complaint.

3. Defendants admit the allegations contained in paragraph 13 of the Complaint.

4. Defendants admit the allegations contained in paragraph 14 of the Complaint.

5. Defendants admit the allegations contained in paragraph 15 of the Complaint.

6. Defendants admit the allegations contained in paragraph 16 of the Complaint.

## AS FOR JURISDICTION

7. Defendants admit the allegations contained in paragraph 17 of the Complaint.

8. Defendants admit the allegations contained in paragraph 18 of the Complaint.

9. Defendants deny the allegations contained in paragraph 19 of the Complaint.

## AS FOR VENUE

10. Defendants admit the allegations contained in paragraph 20 of the Complaint.

11. Defendants admit the allegations contained in paragraph 21 of the Complaint.

## AS FOR JURY DEMAND

12. Defendants admit the allegations contained in paragraph 22 of the Complaint.

## AS FOR PLAINTIFFS' FIRST CAUSE OF ACTION

13. Defendants incorporate herein by reference responses to allegations of Paragraphs 1-12 inclusive above and all the responses below.

14. Defendants neither admit nor deny any of the allegations contained in paragraphs numbered 24 through 35 of the Complaint as these allegations are not directed at Defendants.

15. Defendants admit the allegations contained in paragraph 36 of the Complaint.

16. Defendants admit the allegations contained in paragraph 37 of the Complaint.

17. Defendants admit the allegations contained in paragraph 38 of the Complaint.

18. Defendants admit the allegations contained in paragraph 39 of the Complaint.

19. Defendants admit the allegations contained in paragraph 40 of the Complaint.

20. Defendants admit the allegations contained in paragraph 41 of the Complaint.

21. Defendants admit the allegations contained in paragraph 42 of the Complaint.

22. Defendants admit the allegations contained in paragraph 43 of the Complaint.

23. Defendants admit the allegations contained in paragraph 44 of the Complaint.

24. Defendants neither admit nor deny any of the allegations contained in paragraphs numbered 45 through 47 of the Complaint as these allegations are not directed at Defendants.

25. Defendants deny the allegations contained in paragraph 48 of the Complaint.

26. Defendants deny the allegations contained in paragraph 49 of the Complaint.

27. Defendants deny the allegations contained in paragraph 50 of the Complaint as those allegations pertain to Defendants RYAN W. GATELEY and STAR TRANSPORTATION, INC.

28. Defendants deny the allegations contained in paragraph 51 of the Complaint.

29. Defendants deny the allegations contained in paragraph 52 of the Complaint.

30. Defendants deny the allegations contained in paragraph 53 of the Complaint.

31. Defendants deny the allegations contained in paragraph 54 of the Complaint.

32. Defendants admit the allegations contained in paragraph 55 of the Complaint.

33. Defendants deny the allegations contained in paragraph 56 of the Complaint.

34. Defendants deny the allegations contained in paragraph 57 of the Complaint.

35. Defendants deny the allegations contained in paragraph 58 of the Complaint.

36. Defendants deny the allegations contained in paragraph 59 of the Complaint.

37. Defendants deny the allegations contained in paragraph 60 of the Complaint.

38. Defendants deny the allegations contained in paragraph 61 of the Complaint.

39. Defendants deny the allegations contained in paragraph 62 of the Complaint.

## AS FOR PLAINTIFFS' SECOND CAUSE OF ACTION

40. Defendants incorporate herein by reference responses to allegations of Paragraphs 1-12 and 24-35 inclusive above and all the responses below.

41. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and leave Plaintiffs to their proof.

42. Defendants deny the allegations contained in paragraph 65 of the Complaint.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST ARTHUR V. SHERMAN, K. SMITH TRUCKING, BOBBY JOE DILLARD AND EPES TRANSPORTATION SYSTEMS, DEFENDANTS, RYAN W. GATELEY AND STAR TRANSPORTATION, INC. <u>ALLEGE:</u>**

43. That if plaintiff recovers against the defendants, RYAN W. GATELEY and STAR TRANSPORTATION, INC., the said answering defendants seek a recovery from co-defendants, predicated on the grounds that the co-defendants, ARTHUR V. SHERMAN, K. SMITH TRUCKING, BOBBY JOE DILLARD and EPES TRANSPORTATION SYSTEMS contributed in whole or in part to this occurrence and said co-defendants are to be deemed responsible in whole or in part to these defendants as a result of their wrongful conduct.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST ARTHUR V. SHERMAN, K. SMITH TRUCKING, BOBBY JOE DILLARD AND EPES TRANSPORTATION SYSTEMS, DEFENDANTS, RYAN W. GATELEY AND STAR TRANSPORTATION, INC.  <u>ALLEGE:</u>**

44. That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the verified complaint and in the manner alleged therein, the same were occasioned through the sole carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligation and/or statute in which event this answering defendant would be entitled to judgment dismissing the verified complaint of the plaintiffs herein; but, in the event plaintiff is found to be entitled to judgment, defendants, RYAN W. GATELEY and STAR TRANSPORTATION, INC., would be entitled to judgment over and against co-defendants, ARTHUR V. SHERMAN, K. SMITH TRUCKING, BOBBY JOE DILLARD and EPES TRANSPORTATION SYSTEMS on any judgment as may be rendered; or, it be found that the

said injuries and/or damages were occasioned through the combined carelessness, recklessness, omissions, negligence, and/or breaches of duty and/or obligation and/or statute then and in that event , co-defendants, ARTHUR V. SHERMAN, K. SMITH TRUCKING, BOBBY JOE DILLARD and EPES TRANSPORTATION SYSTEMS, will be liable over the answering defendants, RYAN W. GATELEY and STAR TRANSPORTATION, INC., and be found to fully indemnify and hold the said defendants harmless for the full amount of any verdict or judgment the Plaintiff may recover against these answering defendants, including all costs, investigation, disbursements, expenses and attorneys fees incurred in the defense of this action and in the conduct of these cross-claims.

## **SPECIAL DEFENSES**

### **First Special Defense**

45. The answering Defendants, pursuant to § 1412 of the CPLR, alleges upon information and belief that if the Plaintiff, ANDREW L. BARNUM, sustained any injuries or damages at the time and place alleged in his complaint, such injuries or damages were the result of the culpable conduct of the Plaintiff because the Plaintiff's negligence or assumption of risk. Should it be found, however, that these Defendants are liable to the Plaintiff herein, any liability being specifically denied, then these answering Defendants demand that any damages that are found be apportioned amount the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**Second Special Defense**

46. That whatever damages and injuries the Plaintiff, ANDREW L. BARNUM, may have sustained at the time and place alleged in the Verified Complaint were caused in whole or in part by the culpable conduct of the Plaintiff. As such, whatever amount of damages recovered, if any, shall therefore be diminished in that proportion which said culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused said damage and injuries. Any liability on the part of these Defendants (which liability is denied), which is fifty percent or less of the liability of all persons which are the cause of alleged injuries, if any, and the liability of these Defendants for economic loss does not exceed the defendant's equitable shares determined in accordance with the relative culpability of each person causing or contributing to the total liability for the non-economic loss pursuant to CPLR§ 1601 through 1603.

**Third Special Defense**

47. If the Plaintiff ANDREW L. BARNUM suffered injuries and losses as alleged herein, his recovery for said injuries and losses is barred due to his comparative negligence because said injuries and losses were caused by the carelessness and negligence of the Plaintiff in that he:

(a) failed to keep a proper lookout for the conditions then and there existing to avoid an accident;

(b) failed to take evasive action to avoid the alleged incident;

(c) failed to make reasonable use of his faculties in such a manner so as to avoid the risk of injury;

(d) failed to have his vehicle under proper and reasonable control for the conditions then and there existing;

(e) failed to observe the conditions as alleged, or having observed such conditions, failed to take steps to ensure his safety; and

(f) operated his motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway and the intersection of streets;

(g) failed to apply his vehicle's brakes in a timely fashion although by a proper and reasonable exercise of his faculties he could and should have done so;

(h) failed to turn his motor vehicle to the left or to the right so as to avoid a collision although by proper and reasonable exercise of his faculties he could and should have done so;

### Fourth Special Defense

48. If the Plaintiff ANDREW L. BARNUM, suffered injuries and losses as alleged herein, his recovery for said injuries and losses is barred due to his recklessness because said injuries and losses were caused by the recklessness of the Plaintiff in that he recklessly and in disregard for public safety:

(a) failed to keep a proper lookout for the conditions then and there existing to avoid an accident;

(b) failed to take evasive action to avoid the alleged incident;

(c) failed to make reasonable use of his faculties in such a manner so as to avoid the risk of injury;

(d) failed to have his vehicle under proper and reasonable control for the conditions then and there existing;

(e) failed to observe the conditions as alleged, or having observed such conditions, failed to take steps to ensure his safety; and

(f) operated his motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway and the intersection of streets;

(g) failed to apply his vehicle's brakes in a timely fashion although by a proper and reasonable exercise of his faculties she could and should have done so;

(h) failed to turn his motor vehicle to the left or to the right so as to avoid a collision although by proper and reasonable exercise of his faculties she could and should have done so;

### Fifth Special Defense

49. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, said injuries were caused by a party or parties over whom the Defendants had no control.

### Sixth Special Defense

50. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, Defendants deny that they are liable or indebted to the Plaintiff in any way or manner.

### Seventh Special Defense

51. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, Defendants state that their conduct was not the proximate cause of any damage allegedly sustained by the Plaintiff.

### Eighth Special Defense

52. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, Defendants state that the Complaint fails to state a claim for which relief may be granted.

### Ninth Special Defense

53. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, Defendants state that the Plaintiff failed to mitigate his damages and is therefore barred from recovery.

### Tenth Special Defense

54. If the Plaintiff suffered injuries and losses as alleged herein, which these Defendants deny, they were the proximate result of an unforeseeable, independent, superseding and/or intervening cause for which the Defendants are not responsible.

### Eleventh Special Defense

55. Except to the extent that the Defendants have specifically admitted allegations set forth in the Complaint, the Defendants deny each and every allegation set forth in the Complaint.

### Twelfth Special Defense

56. The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend this Answer and assert any such defense by appropriate motion.

### Thirteenth Special Defense

57. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

### Fourteenth Special Defense

58. Upon information and belief, Plaintiff's economic loss, if any, as specified in § 4545 of the CPLR, was and will be replaced or indemnified, in whole or in part, from collateral sources, and the answering Defendants are entitled to have the court consider the same in determining such special damages as provided in § 4545 of the CPLR.

**Fifteenth Special Defense**

59. That the injuries and damages sustained by the Plaintiff herein were caused by or aggravated by the failure and refusal of the Plaintiff to make use of the seat belts in the motor vehicle in which Plaintiff was riding, and that the Plaintiff's injuries would not have been sustained or would have been greatly minimized had Plaintiff made use of the seat belts provided.

**Sixteenth Special Defense**

60. This case should be dismissed in its entirety, as the Plaintiff's claim does not meet the New York No-Fault threshold law requirements.

**WHEREFORE**, the Defendants pray for a judgment dismissing the Complaint with prejudice and awarding them the costs and disbursements of this action, together with attorney's fees, and such additional relief as the Court may deem just and proper.

**JURY DEMAND**

The Defendants hereby demand a trial by jury.

Dated: August 28, 2008

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

by: /s/ Brian Del Gatto
BRIAN DEL GATTO  (BD7759)
Attorneys for Defendants,
Ryan W. Gateley and Star Transportation Systems, Inc.
177 Broad Street, 6th Floor
Stamford, CT 06901
(203) 388-9100
(203) 388-9101 (fax)
File No.: 06516.00073
Email: Brian.DelGatto@wilsonelser.com

TO: DAVID LEVER
LEVER & STOLZENBERG
303 Old Tarrytown Road
White Plains, NY 10603

RICHARD WEBER
LAW OFFICES OF FLOYD G. COTRELL, P.A.
550 Broad Street, Suite 1710
Newark, NJ 07102

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD
20 Corporate Woods Boulevard
Albany, NY 12211-2362

## CERTIFICATE OF SERVICE

     The undersigned attorney hereby certifies that a true and correct copy of the above and foregoing Pleading was sent to the following:

TO:    DAVID LEVER
LEVER & STOLZENBERG
303 Old Tarrytown Road
White Plains, NY 10603

RICHARD WEBER
LAW OFFICES OF FLOYD G. COTRELL, P.A.
550 Broad Street, Suite 1710
Newark, NJ 07102

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD
20 Corporate Woods Boulevard
Albany, NY 12211-2362

Via U.S. Mail, postage prepaid, on the 28th day of August, 2008.

                    /s/ Brian Del Gatto
                    Brian Del Gatto (BD7759)